By the Court.—Sedgwick, J.
The action was for the value of plaintiff’s services, as defendant’s broker, in selling copper. It was admitted that some amount was due.
The first position that calls for attention is, that the referee erred in allowing a commission upon a .quantity of one hundred thousand pounds of copper, parcel of the gross amount, because, although plaintiff *352 sold that copper for defendant, and as his broker, yet, as is alleged, the evidence shows, in substance, that the defendant bought and sold the one hundred thousand pounds of copper, for the sole purpose of aiding the plaintiff in selling the rest of the copper, and altogether for plaintiff’s benefi t. The position cannot be sustained. The evidence allowed the referee to find, that the plaintiff’s acts in respect of the parcel was for the interest of the defendant and at his request.
There were exceptions that relate to the purchase of the parcel of one hundred thousand pounds. The plaintiff had proposed to defendant to sell for him a quantity of five hundred and fifty thousand pounds of copper, for which, but not for a less amount, he was able to find a buyer. The defendant with others, at a certain time, could command only four hundred and fifty thousand pounds. For the purpose of making up the necessary quantity, the plaintiff bought the one hundred thousand pounds. On the trial the plaintiff alleged that he bought it for the defendant, and on his account, while the defendant alleged that the plaintiff bought it for himself, and transferred it to defendant for the purpose of enabling himself to earn commissions in selling the whole lot. A letter signed by the plaintiff was introduced, notifying.defendant that “ 1ST. S. S. has secured for me 100. M lbs. of Lake Ingot Copper for July and August delivery ... I herewith transfer above interest to you.” The plaintiff’s counsel asked plaintiff, while testifying, “ What did you mean, when you wrote the letter, by the words ‘for me’ V’ This was allowed, under exception, and the answer was that he “must have meant—as I had asked Simpkins to sell this copper as a personal favor to me, he put it down in my name ; or it must have been in accordance with my way of saying ‘I have bought or sold,’ when I meant my principal.” Another question was, “Did you desire, when you wrote that letter, to inform de *353 fendant of anything more than the fact that you had secured of Simpkins one hundred thousand for his account ? ” It is argued that the witness had no right to give his undisclosed intentions, or to construe the words which had a definite meaning. The rule to be applied is not the one that relates to the words of a contract, made between the parties. The words “ for me ” were not part of the contract. They were in the nature of an admission, from which it might be argued that the plaintiff dealt in his own behalf with Simpkins. .He would therefore have a right, not only to give the facts, and to testify in substance that he meant by those words to describe that fact, or he might prove what meaning he thought at the time the words bore, or again, what his purpose at the time was ; all these things were relevant to the question of what did the use of the words show, that he knew or believed.
But beyond this, I think that defendant had before examined the plaintiff on the subject, in such a way as to entitle the plaintiff to the questions objected to. When the defendant offered the letter, he put questions to the plaintiff, which drew out the following: “I had bought from Simpkins. It is is not uncommon for a broker to have copper bought by him charged in his own name : that may have been the case in the transaction1 mentioned in said letter, and explains the statement therein about my making the transfer ; such buying or selling in one’s own name is, if buyer or seller does not want to be known in the market; it is usual to say that the sale is on account of the principal and not in the broker’s name when parties don’t want their name to appear.” I think this course of examination gave the plaintiff the right to ask the questions objected to. They made a fuller explanation, part of which the defendant had obtained. On the ground last stated, the exceptions to the introduction by plaintiff of two entries in his own book *354 of sales, cannot be sustained. As to the first entry, the defendant had himself introduced it at an earlier time. The second entry was “April 1, N. S. Simpkins, W. H. Brown, 100,000 Lake, July, Aug., 33 cts.” The defendant had drawn from a bookkeeper of plaintiff, that the page containing the above entries was in the witness’s writing, and that on April 1 the plaintiff bought 300,000 pounds from Simpkins; and then gave in evidence, as is to be inferred from the printed case (although the words are “that he proposes to offer in evidence”), the first entry above alluded to, and the entry “April 1, IN". S. Simpkins, Jr., to Mr. Hendrichs, 200,000 Lake, June, July and August,” and stopped there. An argument might have been made, that there was no entry of the purchase of the one hundred thousand for the defendant. I think the plaintiff had the right to meet this by showing the entry of that purchase.
There was a conflict as to whether the plaintiff agreed to act for one-half of the usual brokerage. The defendant, in giving testimony that he did so agree, testified that his agreement followed a statement by the defendant that another broker named Houston wanted to sell the copper for half brokerage, and if plaintiff wanted to do it for half 'brokerage, he could do so. The plaintiff had testified that the defendant had said to him jokingly, “Thisother broker, Mr. Houston, has offered to do this business of one hundred thousand at one quarter per cent. ;” that witness then said, “You don’t expect me to do the five hundred and fifty thousand business for one quarter per cent. ?” and the defendant said, “ Certainly not, you shall have one-half per cent.” The plaintiff, after defendant’s testimony, asked of Houston, the other broker, when called as a witness, if he ever offered to the defendant to sell copper at less than the usual commission within the year 1872, before April 1.
*355 The defendant’s exception to the allowance of this question is not sound. For if, on the one hand, he really had Houston to fall back on, he would have a motive to insist on plaiutiff’s lessening the commissions ; on the other hand, if Houston had not made the offer, he would be more likely to accede to plaintiff’s terms, according to plaintiff’s version.
The other exceptions have been examined, but are not tenable.
Judgment affirmed, with costs.
Speir and Freedman, JJ., concurred.